# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF VERMONT

| | | |
|---|---|---|
| MYWEBGROCER, INC. | ) | |
| | ) | |
|     Plaintiff and | ) | |
|     Counterclaim Defendant | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:16-cv-00310-gwc |
| | ) | |
| ADLIFE MARKETING &, | ) | |
| COMMUNICATIONS CO., INC. | ) | |
| | ) | |
|     Defendant and | ) | |
|     Counterclaim Plaintiff | ) | |
| | ) | |

## AFFIDAVIT OF MATTHEW S. BORICK IN SUPPORT OF MYWEBGROCER'S OPPOSITION TO ADLIFE'S MOTION TO COMPEL AND MYWEBGROCER'S CROSS-MOTION FOR PROTECTIVE ORDER

1. My name is Matthew S. Borick. I am over 18 years of age and I understand the obligations of an oath.

2. This affidavit is based on my personal knowledge.

3. I am counsel for Plaintiff and Counterclaim Defendant MyWebGrocer, Inc. ("MWG") in the above-captioned matter.

4. I submit this Affidavit in support of MWG's Opposition to Defendant Adlife Marketing & Communications Co., Inc.'s ("Adlife") Motion to Compel (Doc. Nos. 54 & 55) and in support of MWG's Cross-Motion for Protective Order.

5. On April 11, 2018, the Court contacted me and inquired as to whether the parties would be submitting an amended case schedule, as the earlier one had now expired. See **Exhibit A** attached hereto. The next day I followed up with Adlife's counsel and offered to draft a revised schedule. See id.

6. On April 16, 2018, I furnished to Adlife's counsel a proposed schedule "to govern the remaining tasks in the case." See **Exhibit B** attached hereto. The proposed schedule was limited only to the specific tasks of fact depositions, expert disclosures and depositions, pre-trial motions, and trial readiness, and accordingly identified a discovery completion date that matched the deadline for the last discovery task (expert depositions). See id. The proposed schedule did not include extended deadlines for serving written discovery.

7. Also on April 16, 2018, Adlife's counsel offered feedback on the proposed schedule I had sent and requested only that the non-expert deposition and expert disclosure deadlines be pushed back slightly. See **Exhibit C** attached hereto. Adlife did not request the addition of extended deadlines for serving written discovery. See id.

8. I made all of Adlife's requested changes to the proposed schedule and filed it with the Court on April 17, 2018. Doc. No. 52. The Court entered the schedule as an Order on April 18, 2018. Doc. No. 53.

9. On May 21, 2018, Adlife served its second sets of interrogatories, requests for production, and requests for admission to me via e-mail. See **Exhibit D** attached hereto.

10. On May 31, 2018, I sent a letter to Adlife's counsel requesting that Adlife withdraw its recently-served second set of written discovery requests. See **Exhibit E** attached hereto. I sent the letter via U.S. mail to Attorneys Mathew Higbee, Naomi Sarega, Ryan Carreon, and Gregory Howard, and via e-mail to those same attorneys plus Attorney Emily Simpson. See id.

11. On June 6, 2018, Attorney Higbee responded to my letter via a "Reply All" e-mail, in which he explained Adlife's position and asked whether MWG would be responding to Adlife's second sets of written discovery. See **Exhibit F** attached hereto. I responded the next

day (June 7) via a "Reply All" e-mail, and reiterated MWG's position that Adlife's discovery requests were untimely (and otherwise objectionable) and that MWG was not obligated to respond to them. See **Exhibit G** attached hereto.

12. On June 14, 2018, Adlife served a Rule 30(b)(6) Notice of Deposition to me via e-mail. See **Exhibit H** attached hereto. In addition to 22 deposition topics, the notice also included a list of documents requested to be produced at the deposition, which list included the document requests from Adlife's untimely second set of written discovery, along with several others. See id.

13. On June 20, 2018, I served formal written objections to Adlife's second sets of written discovery requests. See **Exhibit I** attached hereto. I served the objections via U.S. mail to Attorneys Higbee, Sarega, and Howard. See id.

14. On June 21-22, 2018, I took the depositions of three Adlife witnesses – Joel Albrizio, Sharon Ferretti Albrizio, and Douglas Fleurant – in Providence, Rhode Island. These three witnesses comprised all of the people Adlife identified in its Rule 26(a) initial disclosures as likely to have discoverable information. Through the depositions I learned that one of these individuals (Mr. Fleurant) had not even been asked to look for or provide discoverable information in his possession. See **Exhibit J** attached hereto.

15. As he had threatened, following the depositions Adlife's principal (Joel Albrizio) posted (on a blog and on LinkedIn) an "opinion" article he wrote criticizing MWG and its online platform and dredging up unrelated litigation in which MWG has been involved. See https://www.adlife.com/blog/2018/6/24/mywebgrocerslippery-when-wet. Mr. Albrizio also has written a critical "opinion" post with respect to another party (Best Yet Market) that is presently challenging Adlife in litigation. See https://www.adlife.com/blog/best-market.

16.     On July 11, 2018, I served a comprehensive set of objections to Adlife's Rule 30(b)(6) Notice of Deposition (including the incorporated document requests).  See **Exhibit K** attached hereto.  I served the objections via U.S. mail to Attorneys Higbee, Sarega, and Howard, and via e-mail to those same attorneys plus Attorneys Carreon and Simpson.  See id.  Based on the objections, I requested that Adlife (a) revise the deposition topics (and associated definitions) to meet the "reasonable particularity" requirement and to cover only information that is relevant, proportional to the needs of the case, and otherwise discoverable, and (b) withdraw the document requests contained in the notice.  See id.

17.     Adlife filed its present Motion to Compel on July 16, 2018.  Doc. Nos. 54 & 55.

18.     For purposes of Adlife's Motion to Compel and MWG's Cross-Motion for Protective Order, the issue that remains unresolved is whether MWG is obligated to respond to Adlife's second sets of interrogatories, requests for production, and requests for admission, as well as the requests for production contained in Adlife's Rule 30(b)(6) Deposition Notice.

19.     The reasons the issue remains unresolved are that (a) MWG believes that it is not obligated to respond to Adlife's second sets of written discovery because they were not timely served and therefore are in violation of the current scheduling Order; (b) MWG believes that, even if not untimely, Adlife's requests are otherwise objectionable; and (c) Adlife disagrees with MWG's position and has not agreed to withdraw its second sets of written discovery.

20.     I certify that counsel for the parties have made a good faith effort to resolve the present disputes without the need for Court intervention.

_____
Matthew S. Borick

STATE OF VERMONT
CHITTENDEN COUNTY, SS.

At Burlington, Vermont, this 24th day of July 2018, Matthew S. Borick personally appeared and gave oath to the truth of the foregoing.

Before me _____
                      Notary Public

Commission Expires: 2/10/19

18456412.1