
Mathew K. Higbee (*Pro Hac Vice*)
Naomi Sarega (*Pro Hac Vice*)
HIGBEE & ASSOCIATES
1504 Brookhollow Dr., Suite 112
Santa Ana, CA 92705
(714) 617-8352
(714) 597-6729 facsimile
Email: mhigbee@higbeeassociates.com
nsarega@higbeeassociates.com

Gregory P. Howard
DONOVAN O'CONNOR & DODIG
116 South St.,
Bennington, VT 05201
(802) 442-3233
gph@docatty.com
*Attorneys for Defendant/Counterclaim Plaintiff,*
*ADLIFE MARKETING*
*& COMMUNICATIONS CO., INC.,*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| MyWebGrocer, Inc., | Case No. 5:16-cv-00310-gwc |
| Plaintiff, | **DECLARATION OF RYAN E. CARREON** |
| v. | |
| Adlife Marketing & Communications Co., Inc. | |
| Defendant. | |

### DECLARATION OF RYAN E. CARREON

I, Ryan Carreon, declare as follows:

1. I am over the age of 18 years old. I have personal knowledge of all matters stated herein, and if called as a witness, I could and would competently testify thereto.

2. I am an employee of the Law Firm of Higbee & Associates, the law firm of record for Adlife Marketing & Communications Co., Inc. ("Adlife") in this action.

1

3. On June 14, 2018, Adlife noticed the deposition of MyWebGrocer, Inc. ("MyWebGrocer") to take place on July 26, 2018.

4. Nearly one month later, on July 11, 2018, counsel for MyWebGrocer Inc., Matt Borick, emailed me and my colleagues a letter objecting to every topic in the notice on various grounds.

5. Prior to that time period, the parties had not discussed any adjustment to the time and date of the deposition.

6. On July 18, 2018, I responded that Adlife would not be withdrawing its deposition notice of MyWebGrocer, and that I suspected that MyWebGrocer would be moving for a protective order. I indicated that I was willing to discuss the possibility of adjusting the discovery deadlines to accommodate the three additional depositions that Adlife had timely noticed for August 7-9, 2018, so that all four depositions could take place during the same time frame, as Borick had also indicated that scheduling conflicts might prevent the deponents from being available prior to the cut off date.

7. On July 20, 2018 Borick responded by stating that he would indeed be moving for a protective order and that "I'm expecting that we may want to take a few more depositions as well."

8. In light of Borick's statement that he intended to notice additional depositions beyond the discovery cut-off, I responded by stating that Adlife was not interested in extending the deadlines.

9. On July 23, 2018, I responded to an email from Borick seeking clarification on the timing of the depositions. I stated my opinion that MyWebGrocer was needlessly delaying

the proceedings and that Adlife was not interested in adjusting the discovery deadlines to allow for additional depositions that had not yet been noticed by MyWebGrocer.

10. On June 21, 2018, I attended the deposition of Joel Albrizio. During the deposition, Borick questioned Albrizio about a lawsuit that had been filed in New York against one of Higbee & Associates' clients. The lawsuit also named Higbee & Associates and its principal Mathew Higbee. The lawsuit, which was filed by a self-represented litigant, did not involve any of the parties in this case, nor did its involve any of the same claims or issues raised in this case.

11. During the exchange I questioned the relevance of the question posed to Albrizio. Borick confirmed his position that he could ask Mr. Albrizio any question he wanted to in the deposition.

12. Attached hereto as Exhibit A is a true and correct copy of the deposition transcript with the relevant portion highlighted.

13. I am not sure why MyWebGrocer decided that this exchange was relevant to the instant Motion, other than my passing comment in an email expressing my observation of the irony of MyWebGrocer's objections to the topics of inquiry.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this the day of August 4, 2018 in Seattle, Washington.

_____
Ryan Carreon