Mathew K. Higbee (*Pro Hac Vice*)
Naomi Sarega (*Pro Hac Vice*)
HIGBEE & ASSOCIATES
1504 Brookhollow Dr., Suite 112
Santa Ana, CA 92705
(714) 617-8352
(714) 597-6729 facsimile
Email: mhigbee@higbeeassociates.com
nsarega@higbeeassociates.com

Gregory P. Howard
DONOVAN O'CONNOR & DODIG
116 South St.,
Bennington, VT 05201
(802) 442-3233
gph@docatty.com
*Attorneys for Defendant/Counterclaim Plaintiff,
ADLIFE MARKETING
& COMMUNICATIONS CO., INC.,*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT**

| | |
|---|---|
| MYWEBGROCER, INC.,<br><br>       Plaintiff and Counterclaim Defendant,<br><br>v.<br><br>ADLIFE MARKETING & COMMUNICATIONS CO., INC.,<br><br>       Defendant and Counterclaim Plaintiff. | Civil Action No. 5:16-CV-00310-GWE<br><br>**DEFENDANT'S EXPEDITED MOTION TO EXTEND THE NON-EXPERT DEPOSITION DEADLINE 30 DAYS TO ALLOW THE PARTIES TO CONDUCT A SETTLEMENT CONFERENCE**<br><br>**Filed Concurrently:**<br><br>1. **Declaration of Naomi M. Sarega** |

**DEFENDANT'S *EXPEDITED* MOTION TO EXTEND THE NON-EXPERT**

**DEPOSITION DEADLINE BY 30 DAYS**

Pursuant to Local Rules 7(a)(2) and 26(c), and Fed. R. Civ. P. 16(b), Defendant and

Counterclaim Plaintiff Adlife Marketing & Communication Co. Inc. ("Adlife") hereby moves for

an Order extending the deadline for non-expert depositions by 30 days November 14, 2018 to allow for the parties to conduct a settlement conference with the Court. For the reasons explained below, Adlife's motion should be GRANTED.

## I.     INTRODUCTION

Defendant and Counterclaim Plaintiff, Adlife Marketing & Communication Co. Inc. ("Adlife") asks the court for a brief extension of the deadline for non-expert depositions by 30 days to November 14, 2018 to allow for the parties to conduct a settlement conference. The current deadline for non-expert depositions is October 15. This request is made in effort to possibly save both parties considerable time and money conducting depositions that may prove unnecessary if the settlement conference is successful.  This motion is brought pursuant to Federal Rule 16(b)(4) which provides that a scheduling order may be modified "for good cause and with the judge's consent."

On or about July 19, 2018, Adlife noticed the deposition of four MyWebGrocer witnesses; three executives and a designated corporate representative of MyWebGrocer under Fed. R. Civ. P. 30(b)(6). Declaration of Naomi M. Sarega ("Sarega Decl.") ¶ 2. MyWebGrocer subsequently filed for a protective order and those depositions were continued indefinitely. *See* Dkt. 62.

On August 8, 2018, counsel for the parties attended a telephonic hearing with the Court to discuss, among other things, the pending discovery motions and an adjustment of the discovery deadlines. During the hearing, the Court also offered to conduct a settlement conference. On August 14, 2018, the parties entered into a stipulated amended discovery schedule, which set the deadline for non-expert depositions to October 15, 2018. *See* Dkt, 73.

Subsequently, the parties exchanged written discovery and MyWebGrocer served its responses to Adlife's discovery requests on September 27, 2018. Sarega Decl. ¶ 5.

After reviewing the discovery requests, Adlife decided to proceed with only two of the previously noticed depositions. Sarega Decl. ¶ 6. On October 5, 2018 Adlife's counsel contacted counsel for MyWebGrocer to arrange for the depositions on or before the deadline and to inquire as to available dates for a potential settlement conference. Sarega Decl. ¶ 7.

On October 8, 2018, counsel for MyWebGrocer also provided a list of dates for a potential settlement conference. After reviewing the list of proposed dates, it became clear that any mutually agreeable dates for a settlement conference would be during the last days of October, and after the deposition cutoff date. Sarega Decl. ¶ 12.

Counsel for Adlife requested that counsel for MyWebGrocer stipulate to briefly extend the non-expert deposition cutoff so that the parties might attend the settlement conference and try and resolve the case without incurring the additional expense and inconvenience associated with the depositions. Sarega Decl. ¶ 13.

Counsel for MyWebGrocer refused. Sarega Decl. ¶ 14.

As explained below, good cause exists to allow a brief 30-day extension of the non-expert deposition deadline to allow the parties the opportunity to attend the settlement conference and potentially resolve the case before investing more litigation resources into this matter.

## II.   "Good Cause" Exists To Extend The Deposition Deadline To Allow The Parties To Attend The Settlement Conference Without Wasting Resources.

Federal Rule 16(b), which governs scheduling orders issued by a court, provides that a schedule may be modified "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

In this case, Adlife has good cause for requesting the modification because the parties have agreed to attend a settlement conference before the Court and have agreed on potential dates at the end of October, but after the currently scheduled October 15 deposition deadline.

Counsel for Adlife originally offered the dates of October 11 through 15 to MyWebGrocer for the two depositions. Counsel for Adlife also stated that it was willing to conduct one or both depositions on the weekend in order to accommodate MyWebGrocer's schedule. Sarega Decl. ¶ 8. Counsel for MyWebGrocer responded that the two deponents would be available on Friday October 12 and Monday October 15, respectively. Because Adlife and its counsel are located out of state, the dates proposed by MyWebGrocer would require Adlife's counsel to travel to Vermont on Thursday, October 11, conduct one deposition on October 12, arrange for lodging, meals, and transportation for the weekend, conduct the second deposition on Monday, October 15, and return five days later on Tuesday, October 16. Sarega Decl. ¶ 9.

Subsequently, Adlife's counsel telephoned MyWebGrocer's counsel to see if the depositions could be scheduled for consecutive days and offered Thursday, October 11 and Friday, October 12, or Monday, October 15 and, upon stipulation of MyWebGrocer, Tuesday, October 16. Sarega Decl. ¶ 10.

Counsel for MyWebGrocer refused. Sarega Decl. ¶ 11.

If Adlife were to move forward with the depositions as currently scheduled, it would incur significant time and expense which would be reflected in its settlement posture and would likely reduce the prospects of resolving the case at the settlement conference. Sarega Decl. ¶ 15. Additionally, MyWebGrocer would not be prejudiced with the brief extension. Quite the opposite, the brief extension would minimize the disruption to MyWebGrocer of having two of its executives deposed, and the depositions might be avoided all together if the parties are able to settle at the conference. Sarega Decl. ¶ 16.

Thus, good cause exists to allow for the brief extension because it would allow the parties to conserve litigation resources prior to the settlement conference and would minimize the disruption to both parties.

### III. Conclusion

In conclusion, Defendant and Counterclaim Plaintiff Adlife Marketing & Communication Co. Inc. respectfully requests that the Court extend the deadline for non-expert depositions to November 14, 2018.

Dated: October 9, 2018                        Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
Naomi M. Sarega, Esq.
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8349
(714) 597-6559 facsimile
mhigbee@higbeeassociates.com
nsarega@higbeeassociates.com

**/s/ Gregory P. Howard**
Gregory P. Howard
**Donovan O'Connor & Dodig, LLP**
116 South St.
Bennington, VT 05201
(802) 442-3233
gph@docatty.com
*Attorneys for Defendant/ Counterclaim Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by electronically filing with the Clerk of the Court using CM/ECF on this **9th** day of **October, 2018**, on all counsel or parties of record on the service list below.

/s/ **Ryan E. Carreon**
Ryan E. Carreon

## SERVICE LIST

Matthew S. Borick
mborick@drm.com
Cathleen E. Stadecker
cstadecker@drm.com
Peter Kunin
pkunin@drm.com
**DOWNS RACHLIN MARTIN, PLLC**
199 Main Street
P.O. Box 190
Burlington, VT 05402