UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| MYWEBGROCER, INC. | ) |
| | ) |
| Plaintiff and | ) |
| Counterclaim Defendant | ) |
| | ) |
| v. | )   Civil Action No. 5:16-cv-00310-gwc |
| | ) |
| ADLIFE MARKETING &, | ) |
| COMMUNICATIONS CO., INC. | ) |
| | ) |
| Defendant and | ) |
| Counterclaim Plaintiff | ) |
| | ) |

### AFFIDAVIT OF DAVID CIOLFI

1.  My name is David Ciolfi. I am over 18 years of age and I understand the obligations of an oath.

2.  This affidavit is based on my personal knowledge.

3.  I am a professional photographer. I have been a professional photographer for over 30 years.

4.  I was employed by Adlife Marketing & Communications Co., Inc. as a staff photographer for approximately ten years, from February 15, 1990 until January 18, 2000.

5.  When I was hired by Adlife in 1990, I was the only photographer employed by the company at that time.

6.  Over time during my tenure with Adlife, the company came to employ a group of six staff photographers.

7.  For part of my ten-year tenure at Adlife, I was the director of photography for the company, and oversaw the work of the company's photography staff.

8. I was employed by Adlife at the time Joel Albrizio began working for the company.

9. When Joel Albrizio began working at Adlife, his role with the company was as a partner and salesperson, and had nothing to do with photography.

10. During my entire ten-year tenure at Adlife, I never once saw Joel Albrizio pick up a camera, take a photograph, or have any involvement in the process of taking of images or any part of the technical process of either film or digital photography production.

11. While employed as the director of photography at Adlife, I prepared daily shooting schedules for each of the company's photographers and trained photographers to the Adlife procedures.

12. I never prepared a daily shooting schedule for Joel Albrizio, as Mr. Albrizio was not one of Adlife's photographers. Nor did I ever see a camera in Joel Albrizio's hands.

13. In the beginning of my ten-year tenure at Adlife, the company's images were all captured using film, and the film was placed in sleeves and binders and stored in file cabinets. Later we incorporated digital photography as it became available while still shooting film. All film would then be scanned to Adlife's servers, along with digital images direct from digital cameras.

14. I have not performed any photography services for Adlife in any capacity since leaving the company in January 18, 2000.

15. I have not assigned or otherwise transferred to Adlife any rights I have or ever had in photographic images I created any time after January 18, 2000.

16. I am identified in Adlife's U.S. Copyright Registration No. VA 2-014-708 as the photographer who took all of the images allegedly covered by that registration.

17.    I was not the photographer of any of the images allegedly covered by Registration No. VA 2-014-708, as they were all created and published seven years after I left Adlife.

18.    I am identified in Adlife's U.S. Copyright Registration No. VA 2-012-581 as the photographer who took all of the images allegedly covered by that registration.

19.    I do not recall taking any of the particular images allegedly covered by Registration No. VA 2-012-581, including the image identified as "BeefBrisket001," but in the case of many of the images allegedly covered by that registration, I am certain that I did not take that particular image. I am also certain that I did not take all of the images allegedly covered by that registration.

_____
David Ciolfi

COMMONWEALTH OF MASSACHUSETTS
WORCESTER COUNTY, SS.

At Shrewsbury_____, Massachusetts, this 26th day of February 2019, David Ciolfi personally appeared and gave oath to the truth of the foregoing.

Before me _____
Notary Public

[Notary seal: MEI P. LEUNG-DOW, Notary Public, Commonwealth of Massachusetts, My Commission Expires September 26, 2025]

Commission Expires: 9/26/2025